319 F.2d 47
 UNITED STATES of America, Appellant,
v.
Paul B. HULT and W. O. Kelsay, Partners dba Hult and Kelsay
Lumber Co., Paul B. Hult Lumber Co., a Corporation, Richard
Standley and James Standley and James Standley, Partners
dbax8 ley, Partners dba R & J Standley Logging Company, Appellees.
 No. 18332.
 United States Court of Appeals Ninth Circuit.
 June 18, 1963.
 
 Sidney I. Lezak, U.S. Atty., Portland, Or., Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Margaret S. Willick, Attys., Dept. of Justice, Washington, D.C., for appellant.
 Leonard B. Netzorg, Portland, Or., for appellees Paul B. Hult & W. O. Kelsay, partners dba Hult & Kelsay Lumber Co., and Paul B. Hult Lumber Co., a Corporation.
 Gordon G. Carlson, Roseburg, Or., Maguire, Shields, Morrison, Bailey & Kester, Howard K. Beebe and Winfred K. Liepe, Portland, Or., for appellees Richard Standley and James Standley, partners dba R & J Standley Logging Co.
 Before MADDEN, Judge of the Court of Claims, and HAMLEY and MERRILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On the authority of United States v. Firchau, Or., 380 P.2d 800, the judgment is reversed. The cause is remanded for determination and entry of judgment in favor of the United States. The amount of the judgment shall be determined by first doubling the amount of actual damages suffered as the result of the trespass, and deducting from such doubled damages, in mitigation thereof, allowance for such salvage as the United States, by its own diligence, realized, or could have realized. The fact, if it is a fact, that the United States could have salvaged all or most of the cut timber at a value equaling or exceeding the stumpage value of such timber, is without relevance in determining the amount of actual damages resulting from the trespass, but is to be considered only with regard to the question of mitigation after actual damages have been ascertained and doubled.